In re Thomas Allen **KIBBEE** and Sharon Anne Kibbee, Debtors.

Roger **LILLEDAHL**, Plaintiff,

v.

Thomas Allen **KIBBEE** and Sharon Anne Kibbee, Defendants.

Bankruptcy No. 00–52348–293.
Adversary No. 01–4170–293.

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

Aug. 27, 2002.

Rochelle Stanton, St. Louis, MO, for Debtors.

Robert Eggmann, Copeland Thompson Farris PC, St. Louis, MO, for Creditor.

Robert J. Blackwell, Blackwell & Associates, O'Fallon, MO, Chapter 7 Trustee.

### MEMORANDUM OPINION

DAVID P. MCDONALD, Chief Judge.

Debtors Thomas and Sharon Kibbee rented a house from Roger Lilledahl for several years. After Debtors moved from the house Lilledahl inspected the premises. Lilledahl found the property to be in disrepair. Lilledahl brought suit in state court against the Kibbees and received a default judgment in the amount of $10,000.00. The Kibbees subsequently filed for bankruptcy relief. Lilledahl filed the present complaint seeking a determination that the alleged property damage done to his house is not dischargeable. He alleges that the damage to the property was intentional and is excepted from discharge under 11 U.S.C. § 523(a)(6). The Court finds that any damage caused to the property does not meet the standards of a willful and malicious injury under section 523(a)(6). Accordingly, Lilledahl's request to have the debt declared nondischargeable will be denied.

### JURISDICTION AND VENUE

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(I), which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. § 1409.

### PROCEDURAL BACKGROUND

On December 12, 2000, Debtors Thomas Allen Kibbee and Sharon Anne Kibbee filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330. On May 25, 2001, Creditor Roger Lilledahl filed a complaint to determine the dischargeability of debt allegedly arising out of the Kibbees' rental of his property. An order of discharge was entered on June 4, 2001.

On March 12, 2002, the Court held a trial of Lilledahl's complaint and the case was taken under submission.

### DISCUSSION

The following facts were established at the trial of this matter. In 1992, Debtors Sharon and Thomas Kibbee rented a house at 611 Attucks in St. Louis, Missouri from Plaintiff Roger Lilledahl for $600.00 per month. The Kibbees and Lilledahl entered an oral lease which required the Kibbees to maintain the property. The Kibbees lived in the house with their children for approximately seven years. By September 1999, the Kibbees had vacated the premises at the request of Lilledahl. At trial Lilledahl introduced photographs taken of the premises on October 15, 1999. The photos showed stains on the rugs and floors, heating duct covers removed and laying on the floor, trash in various locations around the house and in the yard, plaster damage to some of the walls, missing knobs on the kitchen cabinetry, oven ranges left in the garage, a missing light fixture, and some personal belongings and boxes left by the Kibbees. Lilledahl also asserted that several items were missing

or removed from the property including the refrigerator, the stove, drapes and curtain rods, a sink and vanity, and a wooden "breakfast booth."

On August 28, 2000, Lilledahl received a default judgment against the Kibbees from the Circuit Court of St. Louis County, Missouri in the amount of $10,000.00 as a result of a rent and possession action. Nothing in Lilledahl's rent and possession petition or in the default judgment indicates that the issue of a willful and malicious injury was ever considered by the state court. The Kibbees filed a petition for bankruptcy relief on December 12, 2000. Lilledahl filed the present complaint seeking a declaration that any damage caused to his house by the Kibbees is nondischargeable under 11 U.S.C. § 523(a)(6).

In a nondischargeability claim under 11 U.S.C. § 523(a), the burden of proof falls on the creditor to prove the elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Exceptions from discharge, however, are strictly construed so as to give the maximum effect to the policy of the bankruptcy code to provide debtors with a "fresh start." *Geiger v. Kawaauhau (In re Geiger)*, 113 F.3d 848, 853 (8th Cir.1997).

Lilledahl's complaint asserts that the Kibbees damaged his house and removed certain items from the premises. He claims that any debt arising out of the Kibbees' actions arose from willful and malicious conduct which should not be discharged under 11 U.S.C. § 523(a)(6)[1].

### Collateral estoppel

At trial Lilledahl made an oral motion to have the state court rent and possession default judgment used as collateral estoppel in the present case to establish a willful and malicious injury to Lilledahl's property. A review of the state court documents reveals that collateral estoppel does not apply to the present case.

Before giving preclusive effect to a prior adjudication under collateral estoppel principles, the Court must consider four factors: (1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom estoppel is asserted was a party or was in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *James v. Paul*, 49 S.W.3d 678, 682 (Mo.2001). The doctrine of collateral estoppel will not be applied where to do so would be inequitable. *Id.* at 683.

Nothing in the record establishes that the state court action considered the issue of whether the Kibbees inflicted a willful and malicious injury to Lilledahl's property. The petition in the state case does not raise that issue and the default judgment is merely a rent and possession judgment form with a damages amount filled in. Accordingly, Lilledahl's motion for the application of collateral estoppel to the issue of a willful and malicious injury in the present case is without merit. The motion was orally denied at trial.

### *Willful and malicious injury*

At trial, Lilledahl had the burden to establish that the Kibbees intended to inflict a willful and malicious injury to Lilledahl's house at 611 Attucks. The evi-

---

**1.** Section 523(a)(6) excludes from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

dence presented by Lilledahl was not free from contradiction. When he was asked when the Kibbees first moved into the property, he stated that it was two or two and a half years before they left the property in September 1999. He testified that the property was in good condition and that several items including the stove, the refrigerator, an air conditioning unit, and a vanity and a sink were missing from the property upon the Kibbees' departure. Lilledahl's testimony and photographic evidence established that after the Kibbees vacated his house it was in disrepair with stains on the carpets and floors, air vents removed from the walls, and trash and personal belongings left throughout the premises.

The Kibbees submitted testimony and photographic evidence that contradicted Lilledahl's recitation of the facts. Sharon Kibbee, Thomas Kibbee and their daughter Jennifer Kibbee all testified that they moved into the property sometime in 1992, seven years before they vacated the house. Sharon and Thomas Kibbee testified that when they moved into the property it was in a state of disrepair with leaking ceilings, falling plaster, carpet and floor stains, bad plumbing, and contained personal property left from a previous tenant. The Kibbees submitted photographs which supported their testimony about the carpet conditions and ceiling problems when they moved into the premises. Lilledahl admitted that there was a plaster problem in the front hallway due to a leaking gutter which the Kibbees testified they tried to repair and control.

Sharon Kibbee testified that they rented the house from Lilledahl with an unwritten understanding that they would have the right of first refusal to purchase the home if it were ever put up for sale. With that in mind the Kibbees did some minor renovation of the property including wallpapering, attempting to repair plumbing, removal of a wooden breakfast bench, and various other repairs. Sharon Kibbee testified that in mid–1999 Lilledahl told them that he intended to sell the property to real estate developers. She testified that Lilledahl stated that he did not care about the condition of the house because the developers would level it.

Of particular contention is the disposition of several items in the home which Lilledahl claims were missing after the Kibbees' departure. Lilledahl claims that the refrigerator is missing. The Kibbees testified that the house did not contain a refrigerator when they moved in. Lilledahl claims that the kitchen stove is missing. The Kibbees testified that the stove was old and broken and Lilledahl told them to get rid of it. One of Lilledahl's photographs shows at least two stoves in the garage. The Kibbees testified that one of them was the original stove which no longer worked. Lilledahl claims that a sink and vanity and water pipes are missing from a bathroom. The Kibbees testified that there never was a vanity in that bathroom. They testified that the sink hung from the wall and was in the process of being replaced by the Kibbees when Lilledahl asked them to vacate the premises. The Kibbees stated that the sink and pipes are still in the house. Lilledahl claims that the knobs from the kitchen drawers are missing. The Kibbees testified that most of the knobs were missing when they moved into the property and the remaining ones broke and fell off during the seven years that they occupied the house. Lilledahl claims that the house's curtain rods and curtains are missing. The Kibbees testified that there were no curtains or rod on the windows when they moved into the house. They introduced photographs into evidence which showed their own curtains and rods on the windows.

Lilledahl claims that when the Kibbees first moved into the house he allowed them to deduct $500.00 from the rent if they installed an air conditioner. Lilledahl asserts that when he retook possession of the property only the outside condenser cover of the air conditioner was still at the house, the condenser itself had been removed from the premises. Sharon Kibbee testified that Lilledahl only gave them a $350.00 credit for the air conditioner which her husband installed when they first moved in the house in 1992. She stated that the unit was still there when they left the house in late August 1999.

▆▆▆ All of Lilledahl's evidence concerns a house that was used for seven years by renters who, at a minimum, did not take the best of care of the property. But that type of injury does not give rise to an exception to dischargeability under section 523(a)(6). That section excepts the discharge of a debt incurred through the willful and malicious conduct by a debtor. The Supreme Court of the United States has decreed that the term "willful" means that the injury must be done with the deliberate intent to cause an injury to a claimant, not merely a deliberate or intentional act that leads to an injury. *Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). The Eighth Circuit Court of Appeals has held that "malice" refers to conduct more culpable than recklessness. *In re Long,* 774 F.2d 875, 881 (8th Cir.1985).

The majority of Lilledahl's claim concerns the condition of the property after the Kibbees left the premises. Lilledahl's photographs show a house in physical disrepair which contains trash and abandoned personal belongings. Although the Court empathizes with Lilledahl that his house was not left in good condition, the cost of repairing and cleaning up the premises is not the kind of injury contemplated by section 523(a)(6). Such an injury requires proof that the Kibbees acted with an intent to injure Lilledahl or his property. Lilledahl's evidence fails to establish that the poor condition of the house was the result of the Kibbees' intent to injure Lilledahl. *See In re King,* 258 B.R. 786, 797 (Bankr.D.Mont.2001)(rental property left in poor condition with damage to walls, carpets and floors, and in which trash and personal belongings were left throughout the premises was not the kind of injury contemplated by 11 U.S.C. § 523(a)(6)).

As for the alleged items missing from the premises, the evidence is contradictory. The Court finds that the Kibbees' evidence, under the full circumstances of the case, is slightly more persuasive than Lilledahl's. The Court was troubled by Lilledahl's overall credibility when he testified that the Kibbees had only rented his house for two or two and a half years. The evidence clearly established that the Kibbees had rented the premises for six to seven years. The Court finds that Lilledahl failed to establish that the premises contained a refrigerator when the Kibbees moved in. The missing stove, which Lilledahl had told the Kibbees to discard, is apparently in the garage. The missing sink is also apparently still in the house but has been disconnected as a result of attempted repairs by the Kibbees. The wooden "breakfast bench" was removed by the Kibbees in an attempt to remodel the kitchen. Lilledahl failed to establish that curtains and curtain rods were in the house when the Kibbees moved in. He has also failed to establish that other small items (some screens and a light fixture) are in fact missing from the home (given the amount of trash and personal belongings left in the house under which these items may yet be found).

Finally, the Court finds that Lilledahl failed to establish that the Kibbees took the condenser from the air conditioner. The Kibbees testified that they vacated the

premises before September 1, 1999. The photographs Lilledahl introduced into evidence showed a date stamp of October 15, 1999. Lilledahl testified that he reentered the property "almost immediately" before the photographs were taken. The premises was therefore vacant for at least thirty days. It is conceivable that a third party may have removed the air conditioning condenser during that period of time. Lilledahl's evidence did not establish that the Kibbees took the condenser.

In order to prevail in this case, Lilledahl had to establish by a preponderance of the evidence that the Kibbees willfully and maliciously injured his property. The Court finds that Lilledahl has failed to carry that burden. Although the Court empathizes with his plight of a landlord left with a very run down property, Lilledahl failed to legally establish a claim under 11 U.S.C. § 523(a)(6). Accordingly, the Court will enter a judgment for the Kibbees.

An Order consistent with this Memorandum Opinion will be entered this date.